IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clive E. Roberson and Carolyn M. Roberson, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| The Cliffs Communities, Inc., The Cliffs at Mountain Park, LLC, and Cliffs Real Estate, Inc., | ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 6:09-2701-HMH

**OPINION & ORDER**

This matter is before the court on Defendants' motion to compel arbitration pursuant to 9 U.S.C. § 2 of the Federal Arbitration Act ("FAA") or, in the alternative, the South Carolina Uniform Arbitration Act ("SCUAA"), S.C. Code Ann. § 15-48-10 et seq. Defendants also request dismissal of the complaint with prejudice or, in the alternative, a stay of the case pending arbitration. For the reasons set forth below, the court grants Defendants' motion and dismisses the complaint.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, Clive and Carolyn Roberson ("the Robersons"), purchased a lot of land in The Cliffs at Mountain Park subdivision on December 15, 2006 for $1,200,000.00. (Defs. Mem. Supp. Mot. Compel Arb. 2.); (Pls. Mem. Opp'n Mot. Compel Arb. 2.) Prior to purchasing the land, the Robersons allege that they informed "the Cliffs of their intention to find a lot suitable for the construction of a medieval castle that they intended to build as their primary residence, and they provided the Cliffs with examples of their proposed home design." (Pls. Mem. Opp'n Mot. Compel Arb. 1.) In reliance on Defendants' "representations that their design would be

acceptable, [the Robersons] retained nationally renowned architects to design their home." (Compl. ¶ 14.) Defendants have now "refused to approve the final design for the Robersons' residence [and the] Robersons have . . . not been permitted to commence construction of the residence they intended to build." (Id. ¶ 15.)

Additionally, the Robersons assert that they selected The Cliffs at Mountain Park subdivision because they were promised that The Cliffs at Mountain Park would invest in certain amenities such as "the Gary Player Signature Golf Course, pedestrian village, retail centers, wellness center, trails, fitness stations, arboretum, organic farm, tennis courts and spa facilities," yet those "amenities have not been completed." (Id. ¶ 16.) Accordingly, the Robersons allege that they "have not been permitted to build their home and the subdivision is not being developed as promised; as a result [their] substantial investment has been jeopardized, and they are left with a lot that is significantly impaired in value due to the failure of defendants to timely develop the subdivision as promised." (Id. ¶ 17.)

The Robersons filed suit against The Cliffs Communities, Inc., The Cliffs at Mountain Park, LLC, and Cliff's Real Estate, Inc. (collectively, "The Cliffs"), on October 16, 2009, alleging claims for fraud, negligent misrepresentation, violation of the Federal Interstate Land Sales Full Disclosure Act, violation of the South Carolina Unfair Trade Practices Act, real estate sales fraud, equitable estoppel, and breach of contract. (Id., generally.) The Robersons request that the court

    a. order defendants to refund the purchase price of the lot;

    b. order defendants to refund the purchase price of the full golf membership;

    c. enter judgment against the defendants in the amount of [their] actual, special, incidental and consequential damages;

>    d. enter judgment against the defendants in an amount to be determined for punitive damages;
>
>    e. award treble damages pursuant to statute; and
>
>    f. award attorneys fees and costs to the plaintiffs.

(Compl., Prayer for Relief.) On April 16, 2010, The Cliffs filed a motion to compel arbitration alleging that the Robersons' complaint is subject to mandatory arbitration under the FAA or alternatively, the SCUAA. The Robersons filed a memorandum in opposition to the motion to compel arbitration on May 14, 2010. The Cliffs filed a reply memorandum on May 24, 2010. A hearing was held on the motion on June 24, 2010. This matter is now ripe for consideration.

## II. DISCUSSION OF LAW

### A. Arbitration Under the FAA[1]

Section 2 of "[t]he [FAA] applies to contracts 'evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract.'" Long v. Silver, 248 F.3d 309, 315 (4th Cir. 2001) (quoting 9 U.S.C. § 2). "Under the Federal Arbitration Act, a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is in default of that right." MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted). In addition, the United States Supreme Court has announced a strong federal policy favoring arbitration. See Long, 248 F.3d at 316 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

---

[1] The Robersons have not disputed that the FAA governs the enforcement of the arbitration provision in question.

3

The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25. To that end, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989). Thus, the court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id.

### B. Motion to Compel Arbitration

The Cliffs' primary argument in favor of mandatory arbitration is that "three significant transactional documents: (1) the Declaration of Covenants, Conditions and Restrictions for the Cliffs at Mountain Park ('Declaration'); (2) the Real Estate Sale and Purchase Agreement ('Sales Agreement'); and (3) the General Warranty Deed ('Deed')" "contain[] provisions that require [the Robersons] to pursue arbitration in the event of a dispute with The Cliffs." (Defs. Mem. Supp. Mot. Compel Arb. 2.)

Article 14.1 of the Declaration states in pertinent part:

The Declarant, Association, Owners, and any Person not otherwise subject to the Declaration who agree to submit to this ARTICLE (collectively "Bound Parties") agree to encourage the amicable resolution of disputes between and among themselves involving this Declaration or the Development, and to avoid the emotional and financial costs of litigation. Accordingly, each Bound Party covenants and agrees that all claims, grievances and disputes (including those in the nature of counterclaims or cross-claims) between Bound Parties involving the Declaration or the Development, including without limitation, claims, grievances or disputes arising out of or relating to the interpretation, application or

4

enforcement thereof (collective "Claims"), except for "Exempt Claims" under Section 14.2,[2] are subject to the procedures set forth in Section 14.3.

(Id. Ex. A ("Declaration").) The front page of the Declaration reads, "**PORTIONS OF THIS AGREEMENT ARE SUBJECT TO ARBITRATION PURSUANT TO THE SOUTH CAROLINA UNIFORM ARBITRATION ACT**." (Id.) The Declaration is recorded in the Office of the Register of Deeds of Greenville County.

Paragraph 4 of the Sales Agreement entered into between the Robersons and The Cliffs states in pertinent part:

> **4.1 The Declaration of Covenants & Property Owners' Association.** The Lot will be conveyed *subject to the Declaration* . . . recorded in the Office of Register of Deeds for Greenville County, as the same may be amended from time to time (herein, sometimes referred to as the "Declaration") . . . . *Purchaser hereby acknowledges having received a copy of the Declaration, with appended Bylaws of the Association.*

(Pls. Mem. Opp'n Mot. Compel. Arb. Ex. A (Sales Agreement 3) (emphasis added).) The Robersons' recorded deed also states that their purchased property "is conveyed subject to all of the terms, provisions, conditions, rights, privileges, restrictions, obligations and easements set forth in the Declaration." (Defs. Mem. Supp. Mot. Compel Arb. Ex. B (Deed).)

The Cliffs argue that the Robersons

> have brought two types of claims . . . . One claim is that The Cliffs ha[ve] wrongfully denied [the Robersons] the privilege of building their "castle" in Mountain Park. The other is that The Cliffs ha[ve] failed to provide certain recreational amenities. Both claims involve either the Declaration . . . or the Development, The Cliffs at Mountain Park. Therefore, these claims are "Claims" within the meaning of the Covenants and Restrictions, and are covered by Article 14.

---

[2] The Robersons do not allege that their claims fall within the "Exempt Claims" portion of the Declaration.

(Id. Arb. 9.) In response, the Robersons argue that they are not subject to mandatory arbitration because the "Sales Agreement does not contain an arbitration provision" and "the Cliffs failed to unambiguously incorporate the arbitration provision contained in the Declaration into the Sales Agreement." (Pls. Mem. Opp'n Mot. Compel Arb. 4.) In addition, the Robersons argue that even if arbitration is mandatory, "this dispute does not fall within the scope of that provision." (Id. at 2-3.)

The Robersons argue that the Sales Agreement does not contain an arbitration clause and therefore they are not subject to arbitration.

> Arbitration of disputes arising under a contract may be provided for by reference to outside documents. Thus mercantile contracts often provide that the contract is to be governed by or subject to the rules of a particular association, and where the rules or regulations referred to provide for arbitration, *the reference is generally held to be sufficient to bind the parties to future arbitration, provided the reference is clear and inclusive.*

First Baptist Church of Timmonsville v. George A. Creed & Son, Inc., 281 S.E.2d 121, 122-23 (S.C. 1981) (quoting 5 Am. Jur. 2d, Arbitration & Award, § 16 at 532-33 (1962)) (emphasis added); see, e.g., Maxum Found., Inc. v. Salus Corp., 779 F.2d 974, 978 (4th Cir. 1985) ("It is well settled that under the [FAA], an agreement to arbitrate may be validly incorporated into a subcontract by reference to an arbitration provision in a general contract."). The Sales Agreement states that the Robersons' lot is conveyed "subject to" the Declaration. Furthermore, the Sales Agreement states that the Robersons acknowledged having "received a copy of the Declaration" which contains the arbitration provision. (Pls. Mem. Opp'n Mot. Compel. Arb. Ex. A (Sales Agreement 3).) The first page of the Declaration then states that portions of the Declaration are subject to arbitration. (Defs. Mem. Supp. Summ. J. Ex. A ("Declaration").)

6

Therefore, the terms of the Declaration, including the arbitration provision, were incorporated into the Sales Agreement by reference.

Having found that the Declaration's arbitration provision was incorporated into the Sales Agreement, the court must determine whether the Robersons' claims, if any, are within the scope of the arbitration provision. "Whether a contract's arbitration clause allows the arbitration of a certain dispute is for a court to determine." Peoples Sec. Life Ins. Co., 867 F.2d at 812. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. (internal quotation marks omitted). However, as the court has previously noted, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Id.

As discussed above, the Declaration's arbitration provision states that the bound parties

> agree to encourage the amicable resolution of disputes . . . *involving this Declaration or the Development*[3], and to avoid the emotional and financial costs of litigation. Accordingly, each Bound Party covenants and agrees that all claims, grievances and disputes (including those in the nature of counterclaims or cross-claims) . . . *involving the Declaration or the Development, including without limitation, claims, grievances or disputes arising out of or relating to the interpretation, application or enforcement thereof* [*will be subject to arbitration*].

(Defs. Mem. Supp. Mot. Compel Arb. Ex. A ("Declaration") (emphasis added).) Accordingly, any claims that involve the Declaration or Development are subject to arbitration. The Robersons argue that their claims "arise out of neither the Declaration nor the Development.

---

[3] "Development" is defined as "the Property and all improvements located or constructed thereon, and being a part of the overall plan, from time to time existing hereunder, for the real estate development known as "The Cliffs at Mountain Park." (Pls. Mem. Opp'n Mot. Compel Arb. 8.)

7

Rather the claims arise out of the Sales Agreement . . . [because they are seeking] to rescind the contract the Cliffs breached." (Pls. Mem. Opp'n Mot. Compel Arb. 8.)

After review, the court finds that the Robersons' claims fall within the scope of the arbitration provision and are therefore subject to arbitration. The Robersons' primary complaint is that The Cliffs fraudulently induced them into entering into the Sales Agreement.[4] The essence of the Robersons' fraud claim is that The Cliffs improperly denied their plan to build a castle due to architectural restrictions imposed by The Cliffs. These restrictions relate to the Declaration of conditions and restrictions to building on The Cliffs' property. Additionally, the Robersons allege that The Cliffs have not provided the promised amenities. These allegations deal directly with the Development, The Cliffs, and its failure to develop the property as promised.

The court notes that determining whether the Robersons' claims are within the scope of the arbitration provision is a close call. The arbitration provision does not require arbitration for all claims brought in relation to the Sales Agreement. Rather, Article 14 of the Declaration narrowly provides for arbitration of claims involving the "Declaration" or the "Development." The court is mindful of the well-established principle that "we construe any ambiguities in the contract against its draftsman." Maersk Line, Ltd. v. United States, 513 F.3d 418, 423 (4th Cir. 2008). However, under the facts of this case and because the basis of the Robersons' claims deal with their dissatisfaction with the *Development* and The Cliffs' enforcement of the *Declaration's* restrictions, the court finds that the Robersons' claims are subject to arbitration.

---

[4] The Robersons' first cause of action is for fraud. The Robersons allege that The Cliffs "induced [them] to purchase the lot [by] making [false] representations." (Compl. ¶¶ 20-23.)

Based on the foregoing, the court grants The Cliffs' motion to compel arbitration and dismisses the complaint. See <u>Kirsh v. Finora Group, Inc.</u>, No. 07-1582, 2007 WL 4481158, at *2 (4th Cir. Dec. 20, 2007) (unpublished) (affirming district court judgment granting motion to compel arbitration and dismissing complaint).

It is therefore

**ORDERED** that The Cliffs' motion to compel arbitration, docket number 22, is granted; it is further

**ORDERED** that the Robersons' complaint, docket number 1, is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
July 8, 2010